IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MONAGLE | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 06-CV-3911 |
| MICHAEL J. ASTRUE | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                                                                               AUGUST 24, 2007

Before the Court is defendant's motion to remand and plaintiff's opposition. The Court will deny the motion and remand this case for the determination of benefits for the reasons that follow.

**BACKGROUND**

Plaintiff is a 22 year-old male seeking Social Security disability benefits due to bipolar disorder. He has also been diagnosed with a marijuana addiction. In February 2006, an Administrative Law Judge ("ALJ") denied plaintiff disability benefits. The parties agree that this Court should not affirm the ALJ's denial of benefits, and their dispute arises over how to proceed on remand. Defendant seeks further evaluation of whether the effects of plaintiff's drug abuse can be separated from the effects of his bipolar disorder. Plaintiff argues that this case should be remanded for a direct award of benefits.

**APPLICABLE LAW**

An individual is disabled within the meaning of the Social Security Act if he suffers from an inability "to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A drug addiction is not material to the determination of a disability if the claimant would be disabled in the absence of the addiction.  20 C.F.R. § 404.1535.  According to Social Security Administration guidelines, when an expert cannot separate the effects of a claimant's drug abuse from the effects of his mental impairment, the claimant's substance abuse is immaterial to the disability determination.  See Soc. Sec. Admin. Emergency Teletype No. 96; Bryant v. Barnhart, 2003 WL 22245092, at *2 (E.D. Pa. July 30, 2003) (explaining the nature of the Emergency Teletype and stating the Commissioner's acknowledgment that ALJ's should follow its directive).

Through an ALJ, the Social Security Commissioner ascertains disability by applying the following five-step process, determining whether the claimant:  (1) is capable of substantial gainful activity; (2) has a severe, medically determinable physical impairment that can be expected to last for at least twelve months; (3) has a listed medically severe impairment;[1] (4) has residual functional capacity ("RFC") sufficient to allow him to do his past relevant work; and (5) has the RFC, age, education, and work experience to do other work. See 20 C.F.R. § 404.1520.

In this case, the ALJ found that plaintiff suffered from bipolar disorder and substance abuse, but that his impairments were not "severe" enough to meet or medically equal a listed impairment.  (R. at 19.)  She further found that plaintiff retained the residual functional capacity to perform "light work" as defined in 20 C.F.R. § 416.197, and was therefore "not disabled" under 20 C.F.R. § 416.920(g).  (R. at 23.)

---

[1] Impairments are "listed" in 20 C.F.R. Pt. 404 App. 1.

Federal district courts have jurisdiction to review an ALJ's disability determination pursuant to 42 U.S.C. § 405(g). The district court is bound by the ALJ's findings if substantial evidence in the record supports those findings. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. An ALJ's decision is not supported by substantial evidence if the ALJ fails to apply the proper standard or regulation. Id. at 434-35.

## ANALYSIS

### 1.   Whether Substantial Evidence Supports the ALJ's Decision

In finding that plaintiff's bipolar disorder was not severe enough to meet a listed impairment, the ALJ credited the testimony of medical expert Richard Saul, M.D., over the testimony of Loren Crabtree, M.D., plaintiff's treating psychiatrist. (R. at 20.) The ALJ took Dr. Saul's testimony to be that plaintiff was not disabled, which mischaracterized his testimony. Dr. Saul testified that "there's no question in my mind that this young man has bipolar disorder." (R. at 450). But Dr. Saul was also concerned about plaintiff's marijuana abuse, stating that "although he has a bipolar disorder, there's a significantly contributing factor due to the marijuana abuse, which he will not stop." Id.   When the ALJ pressed him, however, Dr. Saul could not separate the effects of plaintiff's bipolar disorder from his marijuana abuse:

> Dr. Saul: Now, when we get to the functional limitations, as he's been going with the marijuana, his restriction of daily living is marked. His difficulty to maintain social functioning is marked. His difficulty in maintaining concentration, persistence, and pace is marked...So if we just go by what the record and everything shows, he does meet the listing. My opinion is that – and it's very hard to – since he's been using as long as he's been sick, I feel that his bipolar disorder, had he been compliant and not used marijuana, would have been better in control.

3

>ALJ:  But how much better?
>
>Dr. Saul:  Well, see, that again is a very difficult thing to do –
>
>ALJ:  You can't tell.
>
>Dr. Saul:  It's just that paranoia, the psychotic stuff, all is aggravated, in my opinion, by the marijuana.  That does not mean he would not have bipolar.  I think that's a legitimate diagnosis.  But the medication he's been on – ordinarily, among patients that I've had, controls the bipolar affective disorder where you don't get these seven, eight, nine, ten hospitalizations which mentioned marijuana abuse.  You would not get that.
>
>ALJ:  Are you able – you know, our standard is so –
>
>Dr. Saul:  Yes it is.
>
>ALJ:  Yeah.  Is – are you able to separate it out?
>
>Dr. Saul:  No.

(R. at 451-52.)  Thus, Dr. Saul, while clearly troubled by plaintiff's drug abuse, was unable to separate its effects from plaintiff's bipolar disorder, and further stated "so if we go by what the record and everything shows, he does meet the listing." Id. at 451.

Dr. Crabtree, on the other hand, repeatedly stated that plaintiff suffered from significant impairments due to his bipolar disorder without Dr. Saul's reservations concerning drug abuse. (R. at 327-35 and 401-08.)  In April 2004 and May 2005, Dr. Crabtree rated plaintiff's impairments on a Social Security Disability checklist, finding them marked in all but a few of 29 categories.  See id.  In May of 2004, Dr. Crabtree described plaintiff's "psychotic state" as "consistent with the diagnosis of Bipolar Mania." (R. at 327).  Dr. Crabtree further opined that plaintiff's "current capabilities to function...remain[] profoundly compromised." Id.

The ALJ also failed to address or evaluate the conclusions of plaintiff's consultative

physician, Karen Saporito, M.D., who felt that plaintiff was disabled due to his bipolar disorder independent of his drug abuse. (R. at 342). Dr. Saporito stated that plaintiff's "significant psychiatric impairment will interfere with his ability to respond to work pressure and interact with others in any kind of work or social setting." Id.

The Court finds that the ALJ's decision was not supported by substantial evidence because she failed to apply the proper standard concerning separation of plaintiff's drug abuse from his mental disorder, failed to address the conclusions of plaintiff's consultative expert, and improperly rejected the opinion of plaintiff's treating physician. It is a "cardinal principle guiding disability eligibility determinations...that the ALJ accord treating physicians' reports great weight." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). The "principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability." Id. at 319. An ALJ may "reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion." Id. at 317. (internal citations omitted).

The ALJ violated the principles outlined above because she rejected the treating physician's opinion in favor of the non-examining expert's opinion based primarily on her own interpretation and finding of the testifying expert's credibility. (R. at 20.) The record does not contain the contradictory medical evidence required to reject a examining physician's opinion because the testifying expert's actual opinion – his statement that he could not separate the effects of plaintiff's drug abuse from the effects of his bipolar disorder (R. at 452) – made the drug abuse immaterial to the determination of disability. Bryant, 2003 WL 22245092, at *2. Further, he definitely accepted the diagnosis of bipolar disorder. (R. at 450.) The ALJ thus

5

improperly credited the non-testifying expert's opinion over the treating physician by substituting her own credibility determination, and violated agency policy as espoused in Emergency Teletype No. 96 in her analysis of the expert's opinion. Even assuming the ALJ properly credited the testifying expert's opinion over the treating physician's, her decision is still flawed because she neither evaluated nor analyzed the consultative expert's opinion that plaintiff was disabled due to his bipolar disorder. See Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993) (stating that an ALJ "cannot reject evidence for no reason"). Based on the foregoing, the Court agrees with the parties that the ALJ's decision must be reversed.

    **2.    Whether to Remand for Further Proceedings or Award Benefits**

The plaintiff asks the Court to go one step beyond reversing the ALJ's decision, and award him benefits outright. Defendant counters that this case necessitates further hearings to resolve the factual inconsistencies between Dr. Saul's testimony that he could not separate plaintiff's drug abuse from his bipolar disorder, and Dr. Saporito's opinion that plaintiff was disabled regardless of his drug abuse. A district court should award benefits after reversing an unfavorable decision "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).

This case is similar to prior cases where the Third Circuit has awarded benefits in lieu of remand. In Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000), the Third Circuit granted a direct award of benefits after finding that the ALJ incorrectly rejected the opinion of plaintiff's treating physician in a case involving a mixed record of mental disorder and substance abuse. Id. at 317. The Morales opinion noted that all of the physicians agreed that plaintiff was disabled, leaving

no evidentiary questions to be resolve on remand. Id. at 318. Similarly, in Allen v. Bowen, 881 F.2d 37 (3d Cir. 1989), the Third Circuit directed benefits to plaintiff because it found no evidentiary questions remaining. Id. at 44. The Allen Court declined to grant the Commissioner "a second chance to prove his case," explaining that cases warranting remand typically involved a need for further fact-finding or the opportunity to consider a newly issued Social Security Administration policy. Id.

     Like Allen and Morales, there are no remaining evidentiary questions in this case because the consultative expert and plaintiff's treating physician agree that plaintiff is disabled, and the testifying expert agreed that plaintiff suffered from bipolar disorder, but could not separate plaintiff's bipolar disorder from his drug use. The evidence is "unlikely to change," id. at 320, because the opinions of the physicians with the most knowledge of the claimant's disability – the treating physician, testifying expert, and consultative expert – are already part of the record. All that remains is proper application of the relevant rules and regulations, which is within the purview of this Court's authority under 42 U.S.C. § 405(g). In light of the opinions of plaintiff's treating physician and consultative expert, and setting aside the opinion of the testifying expert as immaterial, there "is no question, based upon the complete record, that [the claimant] would have been eligible for benefits had the ALJ properly applied the test required by the Commissioner." Bryant, 2003 WL 22245092, at *3. Thus, to delay "the award of benefits any longer would [be] to do injustice to the claimant." Raymer v. Massanari, 2001 WL 1526265, at *6 (E.D. Pa. Nov. 28, 2001).[2]

---

[2] Having determined that plaintiff meets a Listing on the fully developed record before the Court, it is unnecessary to determine whether plaintiff retains RFC. See 20 C.F.R. § 404.1420(d). There is thus no need to review the ALJ's findings or conduct additional hearings on that issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MONAGLE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-3911 |
| MICHAEL J. ASTRUE | : | |
| | : | |
| Defendant | : | |

**<u>ORDER</u>**

AND NOW, this 24th day of August, 2007, it is hereby ORDERED that:

1.   The defendant's motion to remand is DENIED;

2.   The matter is REMANDED to the Commissioner for an award of benefits for the period from January 20, 2004 through February 22, 2005; and

3.   This Order is without prejudice to the Commissioner's right to review the plaintiff's eligibility for benefits subsequent to February 22, 2005.

4.   JUDGMENT is entered in favor of plaintiff and against defendant, and the Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.