IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MONAGLE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-3911 |
| MICHAEL J. ASTRUE | : | |
| | : | |
| Defendant | : | |

### MEMORANDUM OPINION & ORDER

GOLDEN, J.                                             APRIL 7, 2008

        Before the Court is plaintiff's motion for attorney's fees.  For the reasons that follow, the

Court will grant the motion and order that the fees be payable directly to the plaintiff.

### BACKGROUND

        Plaintiff successfully appealed his denial of Social Security disability benefits, and the

Court remanded this matter for a determination of benefits.  See Monagle v. Astrue, 2007 WL

2571453, at *1 (E.D. Pa. Aug. 24, 2007).  Plaintiff now requests an award of attorney's fees

under The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), which covers Social

Security disability appeals and provides that "a court shall award to a prevailing party . . . fees

and other expenses . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust."  28 U.S.C. §

2412(d)(1)(A).  In addition, plaintiff's counsel requests that the fee award be payable directly to

him.  The Social Security Administration concedes that a fee award is appropriate, but opposes

paying plaintiff's counsel directly because counsel has not provided evidence of an assignment of

the fee award from his client.[1]

## ANALYSIS

The Court of Appeals for the Third Circuit has not ruled on whether EAJA attorney's fees are payable directly to counsel, but a review of other authorities suggests that the weight of precedent favors EAJA fee awards directly to the plaintiff.  See Manning v. Astrue, 510 F.3d 1246, 1249-50 (10th Cir. 2007) (The EAJA's "statutory language clearly provides that the prevailing party, who incurred the attorney's fees, and not that party's attorney, is eligible for an award of attorney's fees."); Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the [EAJA] requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim or be entitled to the award."); Panola Land Buying Assoc. v. Clark, 884 F.2d 1506, 1510 (11th Cir. 1988) (holding that an attorney did not have a "legally protectable right" in EAJA attorney's fees because the EAJA is among a group of fee-shifting statutes "confer[ing] the right to recover attorneys' fees upon the parties themselves, rather than upon the attorneys."); see also Oguachuba v. I.N.S., 706 F.2d 93, 97-98 (2d Cir. 1983) (reasoning that an attorney does not have standing to apply for EAJA fees because that right belongs to the prevailing party).  The Court also notes that, although unbinding, several of its brethren have sided with the cited authority, "conclud[ing] that the language of the EAJA dictates that attorney fees are to be awarded to the plaintiff."  Vonghakdy v. Astrue, 2008 WL 650017, at *1 (E.D. Pa. Mar. 11, 2008); Roberts v. Astrue, No. 06-3803, at *1 (E.D. Pa. Jan. 31,

---

[1] The Social Security Administration explains that "[p]resently, the agency directly pays all attorneys who have obtained a valid assignment from the client authorizing direct payment to counsel.  For those attorneys who have not produced a valid assignment, the agency makes the EAJA fees payable to the client but forwards the check to counsel's business address to assist counsel in recovering fees from the client's award."  Def.'s Surreply at p. 5 (Document No. 19).

2008); <u>Hyer v. Barnhart</u>, No. 05-3682, at *3 (E.D. Pa. Sept. 27, 2007).[2]  These decisions focus on

the "prevailing party" statement in § 2412, which they interpret to refer to the claimant and not

his attorney.  <u>See</u>, <u>e.g.</u>, <u>Manning</u>, 510 F.3d at 1249-50; <u>Vonghakdy</u>, 2008 WL 650017, at *1 ("If

'Congress has directly spoken to the precise question at issue' and 'the intent of Congress is

clear, that is the end of the matter; for the court, as well as the agency, must give effect to the

unambiguously expressed intent of Congress.'") (<i>quoting</i> <u>Chevron U.S.A., Inc. v. Natural Res.

Def. Council, Inc.</u>, 461 U.S. 837, 842-43 (1984)).  Like the text itself, the legislative history of

the EAJA also "demonstrate[s] that Congress intended plaintiff to be awarded the attorney fees."

<u>Vonghakdy</u>, 2008 WL 650017, at *2; <u>Manning</u>, 510 F.3d at 1251.  It thus appears that Patrick

Monagle, as the prevailing party in this litigation, is the person to whom the government should

direct its fee award.

 Prior interpretation of similar fee-shifting statutes also confirms the Court's reading of the

precedent.  In a discussion of 42 U.S.C. § 1988, another "prevailing party" fee-shifting statute,

the Supreme Court stated that the "standards set forth in this opinion are generally applicable in

all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  <u>Hensley v.

Eckerhart</u>, 461 U.S. 424, 433 n.7 (1983); <u>see also</u> <u>W. Va. Univ. Hosp., Inc. v. Casey</u>, 499 U.S.

83, 89 (1991) (referring to § 1988 as the "counterpart" of the EAJA).  In § 1988 litigation, it is

well-settled that fee awards are payable directly to the claimant, <u>Venegas v. Mitchell</u>, 495 U.S.

82, 87 (1990), so it follows that fees under the EAJA, § 1988's "counterpart," would also be

payable to the claimant.

 The single case plaintiff cites in support, <u>Rodriguez v. Taylor</u>, 569 F.2d 1231, 1245 (3d

---

[2] <u>Roberts</u> and <u>Hyer</u> do not have Westlaw or Lexis citations.

Cir. 1977), is distinguishable.  The question in <u>Rodriguez</u> was whether it was appropriate to award fees to a community legal services organization, 569 F.2d at 1244, and the Third Circuit did not consider whether an EAJA fee award was payable to the claimant or the attorney.  Indeed it could not have ruled on such a question, because <u>Rodriguez</u> was decided prior to the enactment of the EAJA, <u>see</u> Pub. L. No. 86-481, § 204 (1980) (enacting § 2412(d) in October 1980), and instead concerned interpretation of the fee award provision of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b).  <u>Rodriguez</u> is thus unhelpful to counsel.

Plaintiff's counsel also argues that the savings clause of the EAJA is evidence of congressional intent to award fees directly to the attorney.  The clause, Pub. L. 99-80, § 3, provides that an attorney may receive fee awards under the EAJA or 42 U.S.C. § 406(b)(1), but that counsel must refund to claimant the amount of the smaller fee.  In other words, the savings clause is designed to prevent the attorney from receiving the "double compensation" of a fee award under both the EAJA and § 406(b)(1).  <u>See</u> <u>Manning</u>, 510 F.3d at 1252.  The clause does not, however, state to whom fees should be paid.  Moreover, the language of § 406(b)(1) demonstrates that when Congress intends the fee to be paid directly to the attorney it says so explicitly, as § 406(b) directs the Commissioner of Social Security to "certify the amount of such fee for payment *to such attorney*," 42 U.S.C. § 406(b)(1)(A) (emphasis supplied), out of the claimant's past-due benefits.  <u>Manning</u>, 510 F.3d at 1252; <u>see</u> <u>also</u> <u>Vongphakdy</u>, 2008 WL 650017, at *2 ("this court concludes the difference in the wording of [the EAJA and § 406(b)] demonstrates that Congress chose not to have the EAJA fees awarded directly to the attorney.").  Counsel's savings clause argument is therefore unpersuasive.

An appropriate Order accompanies this Memorandum Opinion.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK MONAGLE                          :
                                         :
                      Plaintiff          :    CIVIL ACTION
                                         :
        vs.                              :
                                         :    NO.  06-CV-3911
MICHAEL J. ASTRUE                        :
                                         :
                      Defendant          :

**<u>ORDER</u>**

AND NOW, this 7th day of April, 2008, it is hereby ORDERED that plaintiff's motion

for fees (Document No. 15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant is directed to award $3,294.43 in attorney's

fees payable directly to plaintiff Patrick Monagle.


                              BY THE COURT:


                              /s/ Thomas M. Golden
                              THOMAS M. GOLDEN, J.